UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD JAMES STUKE, et. al.           CIV. NO. 14-2802(JNE/JSM)

    Plaintiffs,                          REPORT AND RECOMMENDATION

v.

TINA L. NICHOLS, et. al.,

    Defendants.

This matter is before the undersigned United States Magistrate Judge on plaintiff Richard James Stuke's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. 1915(a)(1). [Docket No. 2]. This matter was referred to the undersigned for a Report and Recommendation under 28 U.S.C. §636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Stuke's IFP application be denied, and that this action be summarily dismissed.

**I.   BACKGROUND**

Plaintiff Richard Stuke, along with LaToy Company and Representing You, Inc., has sued Tina Nichols, Magic Cleaning Service, a/k/a John Doe or Jane Doe and the Office of Domestic Abuse/Harassment of Ramsey County, Minnesota. Complaint, ECF p. 1-3. Plaintiffs alleged that Stuke and Nichols entered into a contract entitled "Cohabitation Unmarried Persons of the Opposite Sex." Id., ¶7.2 [Docket No. 1]. Plaintiffs contended that Nichols became inebriated and damaged some of Stuke's property, causing him severe emotional distress. Id., ¶7.3. Plaintiffs also alleged that a person with whom Nichols formerly had a relationship then threatened Stuke. Id., ¶7.6. The Complaint next recited the details of matters Stuke has filed in state court against Nichols, including an application for a ex parte restraining order, which was denied, (id.,

¶¶7.7, 7.14), and a conciliation court action for damages. Id., ¶¶7.9, 7.15. Stuke had demanded that the conciliation court action be removed to state district court on the ground that Nichols and others committed perjury in connection with the case. Id., ¶7.25.

As relief, plaintiffs sought: (1) money damages for Stuke's "loss of time;" (2) money damages for Stuke's emotional distress; (3) compensation from the State of Minnesota "for doing what the State should do or should have done;" (4) money damages "to mend business and personal relationships;" (5) an order requiring the U.S. Marshal's Service to "enforce [Stuke's] safety" from an unnamed state court judge; (6) directing the U.S. Marshal's Service to serve process on defendants; (7) taking Nichols into custody; (8) alternative dispute resolution; and (9) directing the state district court to pay his court fees so he could proceed with his complaint. Complaint, Requests for Relief, ECF p. 14.

Plaintiffs contended that the Federal District Court has subject matter jurisdiction over this suit based on 28 U.S.C. §1331, federal question jurisdiction. Id., ¶3a. Plaintiffs invoked the Fourth Amendment, (¶4c), as well as the Fifth, Sixth and Seventh Amendments as the basis for jurisdiction. Id., ¶¶4d, 4e. Plaintiffs may also be alleging diversity jurisdiction pursuant to 28 U.S.C. §1332, but it was unclear to this Court. Id., ¶¶3(b), 5.

## II.   DISCUSSION

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case. Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the

action sua sponte." Williams v. Rogers, 499 F.2d 513, 518 (8th Cir. 1971), cert. denied, 505 U.S. 926 (1972) (citing Louisville & Nashville RR. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Although plaintiffs cited the Fourth, Fifth, Sixth and Seventh Amendments to the United States Constitution as the basis for federal question jurisdiction, and attached to their Complaint a copy of federal statutes regarding perjury and false declarations before a federal grand jury, it was clear to this Court that their cause of action, if there is one, sounds in tort or contract, or some violation of a Minnesota law regarding domestic abuse or harassment. Nothing in the Complaint raised questions of a constitutional dimension, or suggested that plaintiffs' claims are based on any federal law or federal law theory. Therefore, jurisdiction cannot exist under 28 U.S.C. §1331.

Nor does jurisdiction exist under 28 U.S.C. §1332, assuming plaintiffs were making that claim. Diversity jurisdiction is conferred by that statute only when: (1) the parties are citizens of different states, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. Plaintiffs reside in St. Paul, Minnesota, as does Nichols and the other defendants. Complaint, ECF pp. 1-2. As a result, the complete diversity of citizenship required by §1332 does not exist.

Because the Court has concluded that it lacks subject matter jurisdiction in this case, this Complaint cannot be entertained in federal court, as to Stuke or the other named plaintiffs. The Court, therefore, recommends that Stuke's IFP application be

denied pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)) and this action be summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[1]

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Plaintiff Richard Stuke's application to proceed in forma pauperis [Docket No. 2] be **DENIED**; and

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: July 28, 2014                                           *Janie S. Mayeron*
                                                                                  JANIE S. MAYERON
                                                                                  United States Magistrate Judge

---

[1] If Stuke was seeking IFP status for LaToy Company and Representing You, Inc. the request is denied because only "natural persons" are eligible for IFP status under federal law.  See Rowland v. California Men's Colony Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993).  The Court further notes that LaToy Company and Representing You, Inc. are unrepresented in this action.  This is an additional flaw that prevents this case from proceeding because only individuals can represent themselves pro se in federal court cases. Id. at 201-202 ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel"); Carr Enter., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) ("[i]t is settled law that a corporation may be represented only through licensed counsel"); United States v. Van Shelton, 988 F.2d 70, 70 (8th Cir. 1993) ("a corporation cannot appear pro se").

CASE 0:14-cv-02802-JNE-JSM   Document 3   Filed 07/28/14   Page 5 of 5

5

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 11, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.